IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC BENAVIDES,

    Plaintiff,

vs.                                                                              No. CIV 24-0550 JB/LF

MICHELLE LUJAN-GRISHAM,
ALISHA TAFOYA,
FNU WILKENS, and
FNU JACOB,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Amended Complaint for Violation of Civil Rights (Prisoner Complaint), filed June 20, 2024 (Doc. 3)("Amended Complaint"). Plaintiff Eric Benavides is incarcerated and proceeding pro se. He brings civil rights claims on the ground that prison officials house him alongside "murderers and rapists." Amended Complaint ¶ IV(B), at 4. Having carefully reviewed the arguments and applicable authority pursuant to 28 U.S.C. § 1915(e) and rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court concludes that the Amended Complaint does not state a cognizable claim. The Court dismisses the Amended Complaint but permits Benavides to file one more amended pleading.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from Eric Benavides' incarceration at his prior facility, the Guadalupe County Correctional Facility ("Guadalupe Correctional") in Santa Rosa, New Mexico. Amended Complaint ¶ I(A), at 2 (noting the prior facility); Untitled Letter from Eric Benavides to the Clerk or whom it may concern (dated October 6, 2024), Regarding Inmate Account Statement at 5, filed November 18, 2024 (Doc. 6)(noting Benavides' new address at the Northeast New Mexico Detention Facility in Clayton, New Mexico). During Benavides' time at Guadalupe Correctional,

prison officials housed him alongside prisoners with all classification levels, i.e., Classification Level 1 through Classification Level 6.  See Amended Complaint ¶ II(D), at 4.  Benavides alleges the mixed classification system: (i) is illegal; (ii) forces Benavides to live with and/or interact "with murderers and rapists;" and (iii) causes Benavides mental anguish.  See Amended Complaint ¶¶ IV, V, at 4, 5.  The Amended Complaint does not indicate Benavides' classification level or his underlying crime, but the State docket reflects that Benavides is serving a prison sentence for criminal sexual contact with a child under thirteen.  See Eric Benavides v. State of New Mexico, Case No. D-608-CR-2008-0081 Docket Sheet, County of Grant, Sixth Judicial District Court, State of New Mexico.  See also United States v. Smalls, 605 F.3d 765, 768 n. 2 (10th Cir. 2010)(recognizing a court may take judicial notice of docket information from another court).

Construed liberally, the Amended Complaint raises claims under 42 U.S.C. § 1983; the Due Process Clause, U.S. CONST. amend. XIV; and the Eighth Amendment, U.S. CONST. amend. VIII.  See Amended Complaint ¶ II, at 3.  The Amended Complaint also cites 19 U.S.C. § 1627 (governing the unlawful import or export of stolen vehicles); 28 U.S.C. §§ 178 or 179 (governing judge retirement and benefits); RCIU P23 (A)(B)(reference unknown); and the "Montoya Act" (Montoya v. United States, 180 U.S. 261 (1901)).  Amended Complaint ¶ II, at 3.  Benavides seeks at least $500,000.00 in damages from four Defendants: (i) Governor Michelle Lujan-Grisham; (ii) Director of Corrections Alisha Tafoya; (iii) Warden Wilkens; and (iv) Unit Manager D. Jacob.  See Amended Complaint ¶ I, at 1-3.

The Court refers this case to the Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed June 4, 2024 (Doc. 2).  Magistrate Judge Fashing grants Benavides' request to

proceed in forma pauperis.  See Order Granting In Forma Pauperis Motion, filed November 25, 2025 (Doc. 7).  Benavides pays the initial partial filing fee, and the Amended Complaint is ready for initial review under 28 U.S.C. § 1915(e).

## LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS

Section 1915(e) of Title 28 of the United States Code requires the court to conduct a sua sponte review of all civil complaints where the plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e).  The court must dismiss any in forma pauperis complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted for purposes of rule 12(b)(6) of the Federal Rules of Civil Procedure.  See 28 U.S.C. § 1915(e).  Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)).  A complaint's sufficiency is a question of law, and when reviewing the complaint, a court must accept as true all of a complaint's well-pled factual allegations, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("Only '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006)(first alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd. but not in Makor Issues & Rights, Ltd. v. Tellabs, Inc.))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004), on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face." Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). The Tenth Circuit states:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. at 570. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, pro parties must file a legible pleading that complies with rule 8 of the Federal Rules of Civil Procedure. That rule requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 creates only the right of action, and it does not create any substantive rights; substantive rights must come from the Constitution of the United States or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights'")(quoting Ellis v. Univ. of Kansas Med. Ctr., 163 F.3d 1186, 1197 (10th Cir.

1998)). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violates the claimant's federally protected rights. To state a valid claim under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprives the plaintiff of that right acts under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court notes:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Public Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States clarifies that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 675; Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they know or reasonably should know that their conduct will lead to the deprivation of a plaintiff's Constitutional rights by others, and an unforeseeable intervening

act has not terminated their liability.  See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting 42 U.S.C. § 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limits, but does not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations.  See Garcia v. Casuas, No. CIV 11-0011 JB/RHS 2011, WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)).  The language that may alter the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. at 676.  The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution[]"

614 F.3d at 1199 (quoting 42 U.S.C. § 1983).  The Tenth Circuit notes, however, that "Iqbal may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case."  Dodds v. Richardson, 614 F.3d at 1200. It concludes that Ashcroft v. Iqbal does not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis."  Dodds v. Richardson, 614 F.3d at 1200. More specifically, the Tenth Circuit recognized that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy .

. . -- express or otherwise -- showing their authorization or approval of such misconduct." Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, 423 U.S. 362 (1976), where the plaintiff seeks to hold a mayor, a police commissioner, and other city officials liable under § 1983 for Constitutional violations that unnamed individual police officers commit. See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371). The Tenth Circuit notes that the Supreme Court in that case finds a sufficient link between the police misconduct and the city officials' conduct, because the named defendants have a deliberate plan to "crush the nascent labor organizations." Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## ANALYSIS

The Amended Complaint primarily alleges that the Defendants violate 42 U.S.C. § 1983 and the federal Constitution by housing Benavides with "murderers and rapists." Amended Complaint ¶¶ II, IV, at 3-5. The Amended Complaint also cites 19 U.S.C. § 1627 (governing the unlawful import or export of stolen vehicles); 28 U.S.C. §§ 178 or 179 (governing judge retirement and benefits); RCIU P23 (A)(B)(reference unknown); and the "Montoya Act." Amended Complaint ¶ II, at 3. The Court evaluates whether the Complaint states a federal 42 U.S.C. § 1983 claim against any Defendant before considering the other alleged violations.

**I.    THE COMPLAINT DOES NOT STATE A FEDERAL CLAIM UNDER § 1983.**

Benavides asserts federal Constitutional claims pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). As noted above, "[a] cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."

McLaughlin v. Bd. of Trustees, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's individual actions, personally violates the Constitution. See Trask v. Franco, 446 F.3d at 1046. There also must be a connection between the official conduct and the constitutional violation. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).

Applying these standards, the Amended Complaint does not state a cognizable § 1983 claim. The allegations do not connect any specific Defendant to the wrongdoing. See Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013)("The plaintiff's . . . passive-voice [allegations] showing that his rights 'were violated' will not suffice [to state a claim]. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights."). To the extent that the Plaintiff intends to sue any entity or supervisory defendant based on a theory of respondeat superior, such liability is not available under § 1983. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978). Prison supervisors and entity-defendants are liable under § 1983 only where the plaintiff shows: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011)(addressing prison supervisors). See Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003)(applying the same standard to entity defendants). There are no facts showing any prison supervisor or entity Defendant promulgates a policy/custom that causes a Constitutional violation. The claims against each Defendant are therefore subject to dismissal under 28 U.S.C. § 1915(e) and rule 12(b)(6).

Alternatively, even if the allegations connected each Defendant to the wrongdoing, the

Complaint does not demonstrate a Constitutional violation. Benavides' primary concern is that State officials transfer him to a prison with mixed classification levels, and the mixed-classification system forced him to interact with murderers and rapists. See Amended Complaint ¶ IV, at 4-5. The Amended Complaint references abuse of process/false imprisonment, but the allegations also implicate the Due Process Clause and the Eighth Amendment. See Amended Complaint ¶ II, at 4.

As to any Due Process claim, the Supreme Court of the United States has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). See Schell v. Evans, 550 Fed. App'x 553, 557 (10th Cir. 2013)1(noting that a plaintiff does not have a Constitutional right to dictate where he is housed or his classification within a facility). Moreover, "'changing an inmate's prison classification . . . ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison.'" Sawyer v. Jefferies,

---

1 Schell v. Evans, 550 Fed. App'x 553 (10th Cir. 2013)is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266 (10th Cir. 2005). The Court concludes that Schell v. Evans, 550 Fed. App'x 553, 557 (10th Cir. 2013), Sawyer v. Jefferies, 315 Fed. App'x 31 (10th Cir. 2008), and McNally v. Colorado State Patrol, 13 Fed. App'x. 806 (10th Cir. 2001), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

315 Fed. App'x 31, 34 (10th Cir. 2008)(quoting Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994)).   Benavides does not allege that Guadalupe Correctional's mixed classification system imposes any atypical and significant hardship in relation to the ordinary incidents of prison life. See Wilkinson v. Austin, 545 U.S. at 22-24 (finding atypical and significant hardship in transfer to supermax facility where the facility prohibits all human contact, the facility does not permit conversation, lights remain on for twenty-four hours a day, the facility allows exercise for only one hour per day in small indoor room, there is indefinite placement with annual review, and there is disqualification of otherwise eligible inmate for parole consideration).   The Amended Complaint therefore does not allege a Due Process claim in connection with the classification system at Guadalupe Correctional.

To the extent that Benavides argues that the mixed classification system at Guadalupe Correctional creates unconstitutional conditions of confinement in violation of the Eighth Amendment, the allegations must show: "(1) the conditions of [Benavides'] incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm.'"   Requena v. Roberts, 893 F.3d 1195, 1214 (10th Cir. 2018).   The objective component is not present in this case.   The Amended Complaint alleges only that Benavides must live alongside murderers and fellow sex offenders.   The Amended Complaint also does not allege any Defendant "knows of and disregards an excessive risk to inmate . . . safety."   Farmer v. Brennan, 511 U.S. 825, 837 (1994)(noting that "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").   The Amended Complaint therefore does not state an Eighth Amendment violation.

Finally, to the extent Benavides intends to bring a claim for false imprisonment or abuse

of process, such claim fails.  To sustain such a claim, the § 1983 plaintiff must allege facts showing that he is detained without lawful authority or legal process.  See Wallace v. Kato, 549 U.S. 384, 389 (2007).  An inmate-plaintiff cannot maintain a § 1983 claim stemming from detention where the prison officials detain the plaintiff pursuant to a criminal judgment or revocation order, even where the inmate-plaintiff maintains the judgment/order contains an error.  See McNally v. Colorado State Patrol, 13 Fed. App'x. 806, 808 (10th Cir. 2001)(barring false imprisonment claims where the prisoner is confined pursuant to a lawful conviction/court order).  The Amended Complaint contains insufficient factual detail to show any Defendant incarcerates Benavides without a valid state judgment or order.   There are also no facts showing any Defendant abuses -- or even uses -- the legal process by implementing a mixed classification system.  Accordingly, the Court concludes that the Amended Complaint does not demonstrate a Constitutional violation or state a cognizable claim under 42 U.S.C. § 1983.

**II.    THE COMPLAINT DOES NOT STATE A CLAIM UNDER ANY OTHER LAW.**

Beyond 42 U.S.C. § 1983, the Complaint purports to bring claims under the following authorities: (i) 19 U.S.C. § 1627; (ii) 28 U.S.C. §§ 178 or 179; (iii) RCIU P23 (A)(B); and (iv) the "Montoya Act."  Amended Complaint ¶ II, at 3.   Section 1627a of Title 19 governs the unlawful import and export of stolen vehicles; it does not apply to this case.  See 19 U.S.C. § 1927a(a)(1)(setting penalties for anyone who knowingly imports or exports a vehicle, vessel, or aircraft that is stolen or from which the identification number has been removed).   Benavides also cannot bring a claim under 28 U.S.C. §§ 178 or 179, which govern the retirement and employment of certain federal judges.  See 28 U.S.C. § 178 (governing the retirement of judges of the Court of Federal Claims); 28 U.S.C. § 179 (governing personnel applications and insurance programs for judges).

To the extent Benavides cites "RCIU P23(A)(B)" and the "Montoya Act," it is not clear which claim, if any, he intends to bring. The references to "RCIU P23(A)(B)" and the "Montoya Act" do not appear to relate to any State or federal statute. Finally, to the extent Benavides' Prayer for Relief references damages for unspecified state law violations, such reference is not sufficient to raise any specific claim in this action. See Bell Atl. Corp. v. Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions"). The Amended Complaint therefore does not state a cognizable claim under 42 U.S.C. § 1983 or under any other authority, and is subject to dismissal pursuant to 28 U.S.C. § 1915(e) and rule 12(b)(6).

### III.   THE COURT GRANTS BENAVIDES LEAVE TO AMEND.

The Tenth Circuit counsels that courts ordinarily should give pro se inmates an opportunity to remedy defects in their pleadings. See Hall v. Bellmon, 935 F.2d at 1110. The Court grants Benavides leave to file a single, amended civil complaint within thirty days of entry of this Memorandum Opinion and Order. Any amended complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008). The Court reminds Benavides that any amendment will supersede the original pleading, and must include all State and Federal claims that Benavides wishes to pursue in this case. If Benavides does not amend timely his complaint as the Court sets forth above, the Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any State law claims; and dismiss all State law claims without prejudice for lack of jurisdiction.

The Court also reminds Benavides that, to the extent he seeks a release from prison, such relief is not available in a civil rights proceeding. A "prisoner who . . . seeks immediate release

or a shortened period of confinement, must do so through an application for habeas corpus." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012). Benavides therefore should file a habeas corpus proceeding if his goal is to obtain a release on parole.

**IT IS ORDERED** that: (i) the Plaintiff's Amended Complaint for Violation of Civil Rights (Prisoner Complaint), filed June 20, 2024 (Doc. 3), is dismissed without prejudice; and (ii) if the Plaintiff wishes to pursue civil claims, he must file a single amended complaint that states a valid claim within thirty days of this Memorandum Opinion and Order's entry.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Eric Benavides
Santa Rosa, New Mexico

    *Plaintiff pro se*