IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC BENAVIDES,

      Plaintiff,

vs.                                            No. CIV 24-0550 JB\LF

MICHELLE LUJAN-GRISHAM,
ALISHA TAFOYA,
FNU WILKENS, and
FNU JACOB,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Court's Memorandum Opinion and Order, filed December 23, 2025 (Doc. 13)("Screening MOO"), following Plaintiff Eric Benavides' failure to amend his pleading as the MOO directs.  The State of New Mexico incarcerates Benavides, who is proceeding pro se.  See Amended Complaint for Violation of Civil Rights (Prisoner Complaint) at 1, filed June 20, 2024 (Doc. 3)("Amended Complaint").  The Court previously dismisses the Amended Complaint for failure to state a claim upon which relief may be granted and directs Benavides to file an amendment.  See Screening MOO at 14.  Because Benavides does not comply with or otherwise respond to the MOO, the Court dismisses Benavides' action without prejudice.

## BACKGROUND

This case arises from Benavides' incarceration at his prior facility, the Guadalupe County Correctional Facility ("Guadalupe Correctional") in Santa Rosa, New Mexico.  See Amended Complaint at 2 (noting the prior facility); Letter from Benavides to the Clerk of Court at 5 (dated October 6, 2024), which the Court treats as a Response Regarding Inmate Account Statement, filed November 18, 2024 (Doc. 6)(noting Benavides' new address at the Northeast New Mexico

Detention Facility in Clayton, New Mexico). The Amended Complaint alleges that Guadalupe Correctional officials house Benavides with prisoners of all classification levels, i.e., Classification Level 1 through Classification Level 6. See Amended Complaint at 4. The Amended Complaint alleges the mixed classification system: (i) is illegal; (ii) forces Benavides to live with and/or interact "with murderers and rapists"; and (iii) causes Benavides mental anguish. See Amended Complaint at 4, 5. The Amended Complaint does not indicate Benavides' classification level or his underlying crime, but the State docket reflects that Benavides is serving a prison sentence for criminal sexual contact with a child under thirteen. See State of New Mexico v. Eric Benavides, Case No. D-608-CR-2008-0081 Docket Sheet, County of Grant, Sixth Judicial District Court, State of New Mexico. See also United States v. Smalls, 605 F.3d 765, 768 n. 2 (10th Cir. 2010)(recognizing a court may take judicial notice of docket information from another court).

Construed liberally, the Amended Complaint asserts claims under 42 U.S.C. § 1983; the Due Process Clause; and the Eighth Amendment of the United States Constitution. See Amended Complaint at 3. The Amended Complaint also cites 19 U.S.C. § 1627 (governing the unlawful import or export of stolen vehicles); 28 U.S.C. §§ 178 or 179 (governing judge retirement and benefits); RCIU P23 (A)(B)(reference unknown); and the "Montoya Act." Amended Complaint at 3. The Amended Complaint seeks at least $500,000.00 in damages from four Defendants: (i) Governor Michelle Lujan-Grisham; (ii) Director of Corrections Alisha Tafoya; (iii) Warden Wilkens; and (iv) Unit Manager D. Jacob. See Amended Complaint at 1-3.

By a Screening MOO that the Court enters on December 23, 2025, the Court sua sponte reviews, pursuant to 28 U.S.C. § 1915(e), the Amended Complaint to determine whether it states a cognizable claim. See Screening MOO at 8-13; see also 28 U.S.C. § 1915(e)(stating that courts must sua sponte review in forma pauperis complaints to determine whether the complaint states a

cognizable claim for relief).   The Screening MOO determines that the Amended Complaint does not state a cognizable claim for relief under 42 U.S.C. § 1983 or under the other federal statutes that Benavides cites in the Amended Complaint.   See Screening MOO at 8-13.   Consistent with Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), and Benavides' pro se status, the Court sua sponte invites Benavides to file another amended civil complaint.   See Screening MOO at 13. The final deadline to amend expires no later than January 23, 2026.   See Screening MOO at 13-14.   The Screening MOO warns that if Benavides does not timely amend his complaint, in a timely way or otherwise, the Court may dismiss this case without further notice.   See Screening MOO at 13.

Benavides does not amend by the January 23, 2026 deadline or otherwise respond to the Screening MOO.   The Court therefore considers whether to dismiss this matter for lack of prosecution, and for failure to comply with rules and orders.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b).   See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).   As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."   Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua

sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162. Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

Here, Benavides does not file an amended complaint, as the Screening MOO requires. In light of this failure, the Court dismisses, pursuant to rule 41(b), the Complaint for failure to prosecute, and for failure to comply with rules and orders. See Olsen v. Mapes, 333 F.3d at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

**IT IS ORDERED** that: (i) the Plaintiff's Amended Complaint for Violation of Civil Rights (Prisoner Complaint), filed June 20, 2024 (Doc. 3), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Eric Benavides
Northeast New Mexico Detention Facility

    *Plaintiff Pro Se*